UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES BRUCE DEVORCE, | : | |
| *Petitioner*, | : | CIVIL CASE NUMBER: |
| | : | |
| v. | : | 3:16-cv-641 (VLB) |
| | : | |
| HENRY FALCONE, *et al.*, | : | June 10, 2016 |
| *Respondents*. | : | |

## Memorandum of Decision

In a 28 U.S.C. § 2254 petition, Charles Bruce Devorce raises allegations pertaining to the denial of medical treatment.[1] ECF Nos. 1-2; 1-3. Because these claims are normally raised in a 42 U.S.C. § 1983 action, the Court ordered Devorce to explain whether he sought to challenge the fact of his incarceration or the conditions of his incarceration. ECF Nos. 7; 10. Devorce clarifies that he seeks to challenge the fact of his incarceration. ECF No. 11 at 2 ("My challenge is directly [to] the imposition of the sentence [that] I am now serving (violation of Probation).").

A prisoner may not raise conditions-of-confinement claims for the purpose of attacking the imposition of a sentence. *See United States v. Huss*, 520 F.2d

---

[1] In addition to his Eighth Amendment claim, Devorce purports to raise a Sixth Amendment claim based on his inability to call witnesses. The underlying allegations, however, appear to address only the failure to provide care recommended by experts who Devorce would like to call as witnesses. *See* ECF No. 1-3 at 2 (letters from Dr. Selig recommending treatment and Rametta recommending care in a long-term residential treatment program); *cf.* ECF No. 11 ("My intent is to show my protections under both the 6th and 8th Amendments [a]ffect a 'sentence' and the imposition thereof is unconstitutional."). If this reading of his claim is incorrect, the petition still must be dismissed without prejudice because none of the claims have been exhausted in state court. Devorce neither appealed nor collaterally attacked his conviction. ECF No. 1-3 at 2, 5.

598, 603 (2d Cir. 1975) (holding that conditions-of-confinement claims may not be raised in a Section 2255 motion, the procedure for challenging the imposition of a federal sentence). The *Huss* Court stated that such claims may be raised in a Section 2241 petition, the procedure for challenging the execution of a federal sentence. *Id.* ("Certainly § 2241 habeas corpus is available to challenge a condition of custody.").

But for several reasons this Court does not construe Devorce as attacking the execution of his state sentence pursuant to Section 2254, which provides state prisoners with the means for challenging the execution of a state sentence. Devorce states that he seeks relief from his underlying sentence, not the execution thereof. ECF No. 11 at 2. And even if he is challenging the execution thereof, the Second Circuit's statement that conditions-of-confinement claims may be raised by way of habeas corpus may be untenable in light of the Supreme Court's observation in *Nelson v. Campbell*, 541 U.S. 637 (2004). In that case, the Supreme Court stated that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether or not the inmate seeks monetary or injunctive relief, fall outside [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id.* at 643. Even assuming that Devorce wants to challenge the execution of his sentence and Section 2254 is a proper means of doing so, such a construction would be futile. The petition would result in dismissal without prejudice for failing to exhaust his claims in state court, as required by 28 U.S.C. § 2254(b)(1).

This leaves open the possibility that Devorce seeks relief pursuant to Section 1983.  But this construction would also be futile because he seeks "the [vacatur] of [his] violation of Probation sentence."  ECF No. 1-3 at 38.  Section 1983 provides no such remedy.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  If Devorce would like to challenge his conditions of confinement and seek relief from those conditions (as opposed to his underlying criminal conviction and sentence), he should file a Section 1983 action.  But he should do so only after exhausting DOC's grievance system.  *See* 42 U.S.C. 1997e(a).

The Court DISMISSES the Section 2254 petition without prejudice.  *See Starzecpyzel v. Reno*, 1997 WL 607549, at *1 (S.D.N.Y. Oct. 2, 1997) (non-cognizable claims dismissed without prejudice). A dismissal without prejudice does not implicate the successive rules.  *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (observing "the longstanding and widely accepted rule discussed above, that no barrier to habeas review arises from the dismissal of a petition on procedural grounds without prejudice to refiling").  The Court denies a certificate of appealability because jurists of reason would not find this procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).  The Court CERTIFIES under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

**IT IS SO ORDERED.**

                                                          _____/s_____
                                                    **Vanessa L. Bryant**
                                                    **United States District Judge**

**Dated at Hartford, Connecticut: June 10, 2016**